UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                                                                   :
TIANHAI LACE USA, INC.,                            :
                                                                                                   :      **ORDER GRANTING IN PART**
                                                                        Plaintiff,  :      **AND DENYING IN PART**
            -against-                                             :      **MOTION TO DISMISS THE**
                                                                                                  :      **COMPLAINT**
DAVID'S BRIDAL LLC,                              :
                                                                                                   :      22 Civ. 4648 (AKH)
                                                                     Defendant.  :
                                                                                                   :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Tianhai Lace USA, Inc. ("Plaintiff") brings this suit against Defendant David's Bridal LLC ("Defendant"), for willful and contributory copyright infringement of five lace designs for which Plaintiff has registered copyrights, in violation of 17 U.S.C. § 101 *et seq.*, and seeks statutory damages and injunctive relief. (Complaint ("Compl."), ECF No. 1.) Defendant moves to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 13.) As to the claim for willful infringement, Plaintiff argues that the Complaint fails adequately to allege ownership of the copyrights in issue, copying, or substantial similarity between the registered and accused designs, and as to the claim for contributory infringement, the Complaint fails to identify any parties engaged in direct infringement that Defendant induced or caused or materially contributed to such infringement. For the reasons below, I hold that Plaintiff plausibly has alleged a claim for direct infringement but fails to state a claim for contributory infringement. Accordingly, the motion to dismiss is denied in part and granted in part.

        Plaintiff is a textile manufacturer that creates and develops designs for warp-knitted laces, which it sells to customers for use in connection with the design, manufacture, and

1

creation of women's apparel. ¶¶ 11, 13.[1] Over the past thirty years, in conjunction with its sister companies in China, Plaintiff has grown into the largest lace manufacturer in China and also sells its designs to intimate apparel brands throughout the world, including in the United States and specifically New York. ¶¶ 11, 13. For each lace fabric design that reaches Plaintiff's showroom and sales organization in New York, Plaintiff assigns a unique pattern number to identify the pattern internally and to customer; Plaintiff also registers the designs with the United States Copyright Office. ¶¶ 13, 14.

Plaintiff alleges that Defendant has incorporated five lace designs, for which Plaintiff holds copyright registrations (attached as exhibits to the Complaint and identifying Plaintiff as the owner or assignee of the rights therein), into garments marketed and sold under Defendant's brand and trademark within the last three years.

1. Plaintiff published Design A0342 in or about 2009 and owns the U.S. Copyright Registration No. A 1-791-176. ¶¶ 18, 21; ECF No. 1-B. Plaintiff alleges that Defendant has incorporated and marketed this design under the SKU/Art. No. WG3910. ¶ 59.

2. Plaintiff published Design XJ077 in or about 2009 and owns the U.S. Copyright Registration No. A 1-719-663. ¶¶ 25, 28; ECF No. 1-D. Plaintiff alleges that Defendant has incorporated and marketed this design under the SKU/Art. No. WG3711. ¶ 67.

3. Plaintiff published Design XY381 in or about 2014 and owns the U.S. Copyright Registration No. A 1-971-360. ¶¶ 32, 35; ECF No. 1-F. Plaintiff

---

[1] Unless otherwise noted, "¶" refers to paragraphs in the Complaint (ECF No. 1).

2

alleges that Defendant has incorporated and marketed this design under the SKU/Art. No. SDWG0622. ¶ 74.

4. Plaintiff published Design XY528 in or about 2015 and owns the U.S. Copyright Registration No. A 1-977-168. ¶¶ 39, 42; ECF No. 1-H. Plaintiff alleges that Defendant has incorporated and marketed this design under the SKU/Art. No. WG3915. ¶ 82.

5. Plaintiff published Design YD155 in or about 2012 and owns the U.S. Copyright Registration No. A 2-006-175. ¶¶ 46, 49; ECF No. 1-J. Plaintiff alleges that Defendant has incorporated and marketed this design under the SKU/Art. No. OP1360.

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must plead "enough factual matter" that when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "In order to establish a claim of copyright infringement, 'a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)). To state a claim for direct or willful copyright infringement, courts in this circuit have held that a complaint must allege "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the

copyright." *See, e.g., Energy Intelligence Grp., Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 338 (S.D.N.Y. 2015) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)). "A defendant may be held liable for contributory copyright infringement if, 'with knowledge of the infringing activity,' the defendant 'materially contributes to the infringing conduct of another.'" *See id.* at 341 (quoting *Matthew Bender & Co. v. W. Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998)). "The knowledge standard is an objective one; contributory infringement liability is imposed on persons who know or have reason to know of the direct infringement." *Arista Records LLC v. Doe*, 604 F.3d 110, 118 (2d Cir. 2010) (quotations omitted).

As to its claim for willful infringement, Plaintiff has met its burden. It has identified the designs in issue and plausibly alleged ownership, attaching as exhibits the respective registrations identifying Plaintiff as the owner or assignee. Plaintiff further identifies the acts constituting infringement and when those acts occurred, citing the specific product or SKU numbers into which the registered designs have been incorporated and stating that such acts have occurred within the past three years. At this stage, Plaintiff has done enough to put Defendant on notice of the claims asserted. *See Klauber Bros. v. Jenny Yoo Collection Inc.*, No. 16-CV-9260, 2017 U.S. Dist. LEXIS 112658, at *7 (S.D.N.Y. July 18, 2017).

Defendant argues that Plaintiff has not pleaded ownership because the registrations attached to the Complaint indicate that the designs were "work for hire" and thereupon speculates that Plaintiff may not be the owner. A certificate of copyright registration is prima facie evidence of ownership of a valid copyright and creates a rebuttable presumption of validity. *See Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012); *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997). Defendant fails plausibly to rebut the presumption.

Defendant further argues that Plaintiff fails to allege copying because the Complaint does not explain the manner and extent and where the lace designs were marketed for sale, displayed, or distributed. Here too Plaintiff has done enough. It alleges that its designs appear in its showroom and sales organization in New York and that they have been subject to public display following their publication in years ranging from 2009 to 2015.

Finally, Defendant contends that Plaintiff fails plausibly to allege strikingly similar design or substantial similarity to Defendant's accused designs because the Complaint does not contain details about the elements of the design for which it seeks protection. Defendant further faults the Complaint for failing to contain images of the accused designs, thereby preventing me from conducting an analysis as to substantial similarity. Again, the Complaint is sufficient. Although it does not include specifics about the elements, the Complaint identifies the relevant product or SKU numbers. Plaintiff is not required to attach images of the accused designs; the SKU numbers provide sufficient notice. Moreover, the question of substantial similarity is a highly factual inquiry better left to the trier of fact to resolve. *See Peter F. Gaito Architecture*, 602 F.3d at 63. Although the Second Circuit has recognized that in certain circumstances, a district court may resolve the question of substantial similarity as a matter of law on a motion to dismiss, Defendant has not offered any evidence of the accused designs from which I might conduct an analysis, nor has it identified any differences that would render the designs not substantially similar as a matter of law.

As to Plaintiff's claim for contributory infringement, however, Plaintiff has not identified any such infringers, instead naming only Doe defendants. The Complaint does not allege any facts from which I might infer that Defendant induced, caused, or materially

contributed to the infringing activities of another. It therefore fails to state a claim for contributory infringement.

For the reasons stated above, the motion to dismiss is denied as to the claim for willful infringement but granted as to the claim for contributory infringement. Defendant shall answer by September 29, 2022, and the parties shall appear for an initial conference on November 4, 2022, at 10:00 a.m. The Clerk of Court shall terminate ECF No. 13.

SO ORDERED.

Dated:   September 8, 2022
         New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge